## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON TREADWAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A.No. 07-018-*** |
| ) | |
| RAPHAEL WILLIAMS, et al., ) | |
| ) | |
| Respondents. ) | |

### ANSWER

Pursuant to the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

On August 9, 2004, Jason Treadway was indicted on a single count of robbery in the second degree. On July 17, 2006, Treadway was returned to the State of Delaware pursuant to the Interstate Agreement on Detainers (Del. Code Ann. Tit. 11 §§ 2540-50) from the State of West Virginia. On September 19, 2006, Treadway pled guilty to the charge of robbery in the second degree. The Superior Court immediately sentenced Treadway to 64 days at level V (time served). On February 28, 2007, Delaware officials returned Treadway to the McDowell County Correctional Center in West Virginia to continue serving his West Virginia sentence.

Treadway has presented only one claim for relief in his petition for writ of habeas corpus: that he is being held unlawfully at the Howard R. Young Correctional Institution ("HRYCI"), and he should be returned to West Virginia. Treadway has not challenged his guilty plea or the sentencing order of the Superior Court. Treadway has not presented this claim to the state courts, and he accordingly has not exhausted state remedies.

However, there are no available state remedies at this point given Treadway's return to West Virginia. *Cf. Setzer v. State*, No. 267, 1984, order at 3 (Del. Mar. 28, 1985) (state habeas petitioner must be in Delaware). As a result, Treadway is excused from the exhaustion requirement. *See United States ex rel. Kelly v. Maroney*, 414 F.2d 1228, 1230 (3d Cir. 1969).

Under section 2544(e) of Title 11, a prisoner transferred to Delaware under the Interstate Agreement on Detainers is to be returned to the sending state "at the earliest practicable time [consistent] with the purposes of [the] agreement." *See generally Cross v. Cunnignham*, 87 F.3d 586, 587 (1st Cir. 1996); *Chapman v. Guessford*, 924 F.Supp. 30, 31 (D. Del. 1996). Treadway's contention, thus, is that his continued detention in Delaware violated section 2544(e). But as of February 28, 2007, Treadway has not been housed at the HRYCI, and he is presently incarcerated in West Virginia. Treadway presented in this petition only one issue: that he is being illegally held in Delaware rather than in West Virginia. (D.I. 1). Nothing in Treadway's petition challenges the constitutionality of his underlying conviction. *Cf. Cross*, 87 F.3d at 588 (alleged violation of Agreement had no impact on trial). His claim is therefore moot. *See Yost v. Carroll*, 385 F.Supp. 2d 468 (D. Del. 2005). A habeas petitioner's release from incarceration does not automatically divest a federal court of jurisdiction because § 2254(a)'s "in custody" requirement was satisfied at the time Treadway filed the instant application. *See Yost*, 385 F.Supp. 2d at 470, n. 1. When, however, a habeas petitioner does not attack his conviction, collateral consequences do not exist to satisfy the continuing injury requirement necessary to provide the petitioner with a stake in the outcome of the litigation. *Id*. at 470. In *Yost*, the petitioner did not challenge the legality

of his conviction or sentence, nor did he challenge the process that he received in state court. *Id*. The only issue raised in *Yost* was the state's failure to release him from custody. *Id*. The record in *Yost* revealed that he had been released from custody subsequent to his filing of his petition. *Id*. "Because the petitioner ha[d] obtained his requested relief, he [wa]s no longer threatened with 'an actual injury traceable to the respondent and likely to be redressed by a favorable judicial decision.'" *Id*., quoting *Spencer v . Kemna*, 523 U.S. 1, 7 (1998). Thus, this Court dismissed the habeas petition in *Yost* as moot. *Id*.

Like the habeas petitioner in *Yost*, Treadway only challenged the fact of his custody in a Delaware prison. Just as in *Yost*, Treadway has been released from custody in Delaware. Treadway has already obtained the only relief that he sought in his habeas petition. He has not raised any collateral consequence that would present an active case or controversy for this Court to consider. Thus, Treadway's petition for writ of habeas corpus should be dismissed as moot.

The proceedings at the September 19, 2006 guilty plea and sentencing were recorded, but no transcript has been prepared. In the event that the Court deems production of the transcript necessary, Respondents anticipate that production of such transcripts would require 90 days from the date an order by this Court.

The petition for a writ of habeas corpus should accordingly be dismissed.

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/_____
        Gregory E. Smith, I.D. No. 3869
        Deputy Attorney General
        820 North French Street, 7th Floor
        Carvel State Building
        Wilmington, Delaware  19801
        (302) 577-8398

Dated:  March 26, 2007

**CERTIFICATION OF SERVICE**

The undersigned certifies that on March 26, 2007, he electronically filed the attached *Answer* with the Clerk of Court using CM/ECF. The undersigned further certifies that on March 27, 2007 that he mailed by United State Postal Service the document(s) to the following non-registered participant:

Jason D. Treadway
McDowell County Correctional Center
50 Court Street
Welch, West Virginia  24801

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/_____
Gregory E. Smith, ID # 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware 19801
(302) 577-8398