IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASON TREADWAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-18-SLR |
| | ) | |
| RAPHAEL WILLIAMS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

Jason Treadway. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**[1]

February 13, 2008
Wilmington, Delaware

---

[1]This case was re-assigned to the undersigned from the Vacant Judgeship on February 1, 2008.


**ROBINSON, Judge**

**I.    INTRODUCTION**

Currently before the court is petitioner Jason Treadway's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (D.I. 2)  Petitioner was incarcerated in Delaware when he filed the application.  For the reasons that follow, the court will dismiss petitioner's § 2254 application as moot.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

On August 9, 2004, a Delaware grand jury returned an indictment charging petitioner with one count of second degree robbery.  (D.I. 15)  At that time, petitioner was incarcerated in a West Virginia prison and serving a sentence with a maximum incarceration date of 2019.  (D.I. 15, Del. Super. Ct. Cr. Dkt. Entry No. 13)  On July 17, 2006, pursuant to the Interstate Agreement on Detainers, petitioner was transferred to Delaware from West Virginia to stand trial on the second degree robbery charge.  Petitioner pled guilty to second degree robbery in the Delaware Superior Court on September 19, 2006, and the Superior Court immediately sentenced petitioner to 64 days at Level V incarceration, time served.  Id.  Petitioner did not appeal his conviction or sentence.

Petitioner filed the instant application on January 10, 2007.  (D.I. 2)  The State filed an answer in March 2007.  (D.I. 13)  Petitioner's application is ready for review.

**III.    DISCUSSION**

Petitioner asserts one claim in his habeas application, namely, he is being illegally detained in Delaware because he already served his Delaware sentence and he should now be returned to West Virginia.  The State contends the court must deny

the application as moot because petitioner was transferred back to West Virginia in February 2007. For the following reasons, the court concurs with the State's argument.

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. Lewis v. Continental Bank, Corp., 494 U.S. 472, 477-78 (1990); United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. Spencer v. Kemna, 523 U.S. 1, 8 (1998); see Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. Chong v. District Director, INS, 264 F.3d 378, 383-84 (3d Cir. 2001). Rather, "the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act," Kissinger, 309 F.3d at 181, "that is likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7. Therefore, as a threshold matter, if petitioner's claims are moot, the court must dismiss the application for lack of jurisdiction. See North Carolina v. Rice, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); Chong, 264 F.3d at 383-84.

Here, petitioner does not challenge the legality of his conviction or sentence, and he has already obtained his requested relief. Weber v. Young, Civ. Act. No. 88-683-JLL, Rept. & Rec. at 5-6 (D. Del. July 23, 1990); see also North Carolina v. Rice, 404 U.S. 244, 248 (1971); Vandenberg v. Rodgers, 801 F.2d 377, 3787 (10th Cir.

2

19986)(collecting cases). Petitioner has not alleged, and the court cannot discern, any continuing collateral consequences stemming from his incarceration in Delaware. See Lane v. Williams, 455 U.S. 624, 631, 633 (1982)("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; . . . [t]hrough the mere passage of time, respondents have obtained all the relief that they sought . . . no live controversy remains); Harris v. Williams, 2002 WL 1315453, at *2 (D. Del. June 14, 2002). By failing to demonstrate continuing collateral consequences, petitioner has failed to satisfy Article III's case-and-controversy requirement. Accordingly, the court will dismiss the entire application as moot.

### IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is moot. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V.    CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.